1  Scott Edward Cole, Esq. (S.B. #160744)
   Molly A. DeSario, Esq. (S.B. #230763)
2  Jessica L. Campbell, Esq. (S.B. #280626)
   **SCOTT COLE & ASSOCIATES, APC**
3  1970 Broadway, Ninth Floor
   Oakland, California 94612
4  Telephone: (510) 891-9800
   Facsimile:  (510) 891-7030
5  E-mail: scole@scalaw.com
   Email:  mdesario@scalaw.com
6  Email:  jcampbell@scalaw.com
   Web:    www.scalaw.com
7
8  Attorneys for Representative Plaintiffs
   and the Plaintiff Classes
9

10              **UNITED STATES DISTRICT COURT**

11   **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

12

13  DANA RHINERSON and AIDIN              )   Case No. 3:13-CV-05923 EMC
    MORADI, individually, and on behalf   )
14  of all others similarly situated,     )   <u>CLASS</u> <u>ACTION</u>
                                          )
15                        Plaintiffs,     )   **PLAINTIFFS' MEMORANDUM OF POINTS**
                                          )   **AND AUTHORITIES IN OPPOSITION TO**
16  vs.                                   )   **DEFENDANT VAN'S INTERNATIONAL**
                                          )   **FOODS, INC.'S MOTION TO DISMISS**
17  VAN'S INTERNATIONAL FOODS,            )
    INC., d/b/a/ Vans Natural Foods,      )   **Date:**   April 17, 2014
18                                        )   **Time:**   1:30 p.m.
                          Defendant.      )   **Dept:**   Courtroom 5, 17th Floor
19  _____   )   **Judge:**  Honorable Edward M. Chen

20

21

22

23

24

25

26

27

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

**STATEMENT OF ISSUES**
**CIVIL L.R. 7-4(A)(3)**

1.      Whether Plaintiffs state a claim for Violation of the False Advertising Law (Count I); Violation of the Consumer Legal Remedies Act (Count II); Fraud (Count III); Negligent Misrepresentation (Count IV); and Violation of the Unfair Competition Law (Count VII) where they allege facts showing that a reasonable consumer would be deceived by Defendant's "all natural" claims. Fed. R. Civ. P. 8(a)(2) and 12(b)(6).

2.      Whether Plaintiffs state a claim for fraud, where they plead the elements of the underlying fraud with particularity. Fed. R. Civ. P. 8(a)(2), 9(b) and 12(b)(6).

3.      Whether Plaintiffs state a claim for Breach of Contract (Count VI) under the exceptions to the contractual privity requirement. Fed. R. Civ. P. 12(b)(6).

4.      Whether Plaintiffs state a claim for Breach of Express Warranty (Count V) where they allege that Defendant's statements constitute an affirmation of fact or promise or a description of the goods; the statements were part of the basis of the bargain; and the warranty was breached. Fed. R. Civ. P. 12(b)(6).

5.      Whether Plaintiffs state a claim for Unjust Enrichment (Count VIII), both in conjunction with the other causes of action and as a standalone quasi-contract claim for restitution. Fed. R. Civ. P. 12(b)(6).

6.      Whether Plaintiffs have standing to allege claims on behalf of consumers who purchased substantially similar products manufactured by Defendant.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

## TABLE OF CONTENTS

I.  INTRODUCTION ...................................................................................1

II.  STATEMENT OF FACTS .......................................................................1

III.  LEGAL ARGUMENT .............................................................................3

    A.  STANDARD OF REVIEW .............................................................3

    B.  PLAINTIFFS HAVE ADEQUATELY PLED THEIR FALSE ADVERTISING CLAIMS.............................................................4

        1.  Plaintiffs Need Only Plead that a Reasonable Consumer Could Be Deceived by Defendant's "All Natural" Claims ............................4

        2.  Plaintiffs Have Pled Plausible False Advertising Claims ............................5

        3.  Plaintiffs Need Not Plead a Plausible Definition of "Natural"....................8

        4.  Van's Ingredient Lists Do Not Correct the False and Misleading Statements on the Front of its Products' Packaging ......................8

    C.  PLAINTIFFS' CLAIMS SATISFY THE PLEADING REQUIREMENTS ...........9

        1.  Plaintiffs' Claims are Pled with the Particularity Required by FRCP 9(b)..........................................................................9

        2.  Plaintiffs Sufficiently Pled a Claim for Breach of Contract ....................11

        3.  Plaintiffs Sufficiently Pled a Common Law Claim for Breach of Express Warranty......................................................12

        4.  Plaintiffs' Unjust Enrichment Claim Survives in Conjunction with the other Claims and as a Standalone Quasi-Contract Claim for Restitution ...................................................................15

        5.  Plaintiffs Have Standing to Sue on Behalf of All Class Members who Purchased Substantially Similar Products and Make the Same Claim ......15

    D.  IF THE COURT IS INCLINED TO GRANT ANY PORTION OF DEFENDANT'S MOTION, PLAINTIFFS SHOULD BE GIVEN LEAVE TO AMEND............................................................................17

IV.  CONCLUSION.......................................................................................18

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

## TABLE OF AUTHORITIES

### Cases

*Aaronson v. Vital Pharms., Inc.*,
  2010 U.S. Dist. LEXIS 14160 (S.D. Cal. 2010) ..................................... 12, 13, 14

*Allen v. ConAgra Foods, Inc.*,
  2013 U.S. Dist. LEXIS 125607 (N.D. Cal. 2013) ................................ 13

*Ang v. Bimbo Bakeries USA, Inc.*,
  2013 U.S. Dist. LEXIS 138897 (N.D. Cal. Sept. 25, 2013) ..................... 7

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).......................................................................... 4

*Astiana v. Dreyer's Grand Ice Cream, Inc.*,
  2012 U.S. Dist. LEXIS 101371 (N.D. Cal. 2012) ..................... passim

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)........................................................................ 3, 9

*Briseno v. ConAgra Foods, Inc.*,
  No. 11-05379 (C.D. Cal. Oct. 13, 2011)........................................ 11

*Brown v. Hain Celestial Group, Inc.*,
  913 F. Supp. 2d 881 (N.D. Cal. 2012) ............................................ 15

*Bruno v. Quten Research Inst., LLC*,
  280 F.R.D. 524 (C.D. Cal. 2011) .................................................... 16

*Burr v. Sherwin Williams Co.*,
  42 Cal.2d 682 (1954) ................................................................ 11, 12

*Clemens v. DaimlerChrysler Corp*,
  534 F.3d 1017 (9th Cir. 2008) ................................................... 11, 12

*Committee on Children's Television, Inc. v. General Foods Corp.*,
  35 Cal.3d 197 (1983) .................................................................... 12

*Conley v. Gibson*,
  355 U.S. 41 (1957)............................................................................ 3

*Donohue v. Apple, Inc.*,
  871 F. Supp. 2d 913 (N.D. Cal. 2012) ............................................ 16

*Fieldstone Co. v. Briggs Plumbing Prods., Inc.*,
  54 Cal. App. 4th 357 (1997) .......................................................... 12

*First Nationwide Sav. v. Perry*,
  11 Cal. App. 4th 1657 (1992) ........................................................ 15

*Forman v. Davis*,
  371 U.S. 178 (1962)........................................................................ 17

*Freeman v. Time, Inc.*,
  68 F.3d 285 (9th Cir. 1995) ........................................................ 4, 5

*Gilligan v. Jamco Dev. Corp.*,
108 F.3d 246 (9th Cir. 1997) ........................................................... 4

*Gottsdanker v. Cutter Labs.*,
182 Cal. App. 2d 602 (1960) ........................................................... 12

*Hemy v. Perdue Farms, Inc.*,
2011 U.S. Dist. LEXIS 137923 (D.N.J. Nov. 30, 2011) ........................ 7

*Johnson v. Mitsubishi Digital Electronics America, Inc.*,
578 F. Supp. 2d 1229 (C.D. Cal. 2008) ...................................... 13, 16

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009) ......................................................... 11

*Keith v. Buchanan*,
173 Cal. App. 3d 13 (1985) ............................................................. 14

*Khasin v. Hershey Co.*,
U.S. Dist LEXIS 161300 (N.D. Cal. November 9, 2012) .................... 15

*Knievel v. ESPN*,
393 F.3d 1068 (9th Cir. 2005) ........................................................... 4

*Koh v. S.C. Johnson & Son, Inc*,
2010 U.S. Dist. LEXIS 654 (N.D. Cal. Jan. 5, 2010) ......................... 16

*Kosta v. Del Monte Corporation*,
2013 U.S. Dist. LEXIS 69319 (N.D. Cal. May 15, 2013) ............ 5, 15, 16

*Lam v. Gen. Mills, Inc.*,
859 F. Supp. 2d 1097 (N.D. Cal. 2012) ............................................ 14

*Lectrodryer v. SeoulBank*,
77 Cal. App. 4th 723 (2000) ........................................................... 15

*Linear Technology Corp. v. Applied Materials, Inc.*,
152 Cal. App. 4th 115 (2007) ......................................................... 12

*McKell v. Washington Mutual, Inc.*,
142 Cal. App. 4th 1457 (2006) ....................................................... 12

*McKinniss v. General Mills, Inc.*,
2007 U.S. Dist. LEXIS 96107 (C.D. Cal. Sept. 18, 2007) ................. 5, 14

*Miller v. Ghirardelli Chocolate Co.*,
2013 U.S. Dist. LEXIS 49733 (N.D. Cal. Apr. 5, 2013) ................... 4, 17

*Moore v. Kayport Package Express, Inc.*,
885 F.2d 531 (9th Cir. 1989) ........................................................... 10

*Neal v. NaturalCare, Inc.*,
EDCV 12-00531 DOC (OPx) (C.D. Cal. Dec 20, 2012) .................... 11

*Paulsen v. CNF, Inc.*,
391 F. Supp. 2d 804 (N.D. Cal. 2005) ............................................... 3

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

*Pelayo v. Nestle USA, Inc.*,
    2013 WL 5764644 (C.D. Cal. 2013) ...................................................................... 8, 9

*Rosales v. FitFlop*,
    882 F. Supp. 2d 1168 (S.D. Cal. 2012) .................................................................... 10

*Ross v. Sioux Honey Ass'n Comp.*,
    2013 WL 146347 (N.D. Cal. Jan. 14, 2013) .............................................................. 7

*Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.*,
    806 F.2d 1393 (9th Cir. 1986). ............................................................................... 17

*Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.*,
    806 F.2d 1393 (9th Cir. 1986) ................................................................................ 17

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007) ................................................................................... 9

*Thurston v. Bear Naked, Inc.*,
    2013 US Dist. LEXIS 151490 (S.D. Cal. July 30, 2013) ........................................... 6

*Trazo v. Nestlé USA, Inc.*,
    2013 U.S. Dist. LEXIS 113534 (N.D. Cal. Aug. 9, 2013) ....................................... 15

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) ............................................................................ 9, 11

*Vicuna v. Alexia Foods, Inc.*,
    2012 U.S. Dist. LEXIS 59408 (N.D. Cal. April 27, 2012) ....................................... 15

*Von Koenig v. Snapple Beverage Corp.*,
    713 F. Supp. 2d 1066 (E.D. Cal. 2010) ................................................................... 10

*Weinstad v. Dentsply Internat. Inc.*,
    180 Cal. App. 4th 1213 (2010) .............................................................................. 13

*Werbel v. PepsiCo, Inc.*,
    2010 WL 2673860 (N.D. Cal. July 2, 2010) ............................................................ 13

*Williams v. Gerber Products Co.*,
    552 F.3d 934 (9th Cir. 2008) ........................................................................... passim

*Windham at Carmel Mountain Ranch Assn v. Superior Court*,
    109 Cal. App. 4th 1162 (2003) .............................................................................. 12

*Won Kyung Hwang v. Ohso Clean, Inc.*,
    2013 U.S. Dist. LEXIS 54002 (N.D. Cal. Apr. 16, 2013) .......................................... 7

*Yumul v. Smart Balance*,
    733 F. Supp. 2d 1117 (C.D. Cal. 2010) ................................................................... 10

**Federal Rule of Civil Procedure**

Fed. R. Civ. P. 12(b)(6) ........................................................................................... 3, 4

Fed. R. Civ. P. 8(a)(2) ............................................................................................... 3

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

## I.   INTRODUCTION

Van's International Foods, Inc. ("Van's" or "Defendant"), like many of its competitors, has jumped on the "all natural" bandwagon. Unlike many of its competitors, however, Van's "all natural" food products do not consist of all natural ingredients. In fact, each of the six supposedly "all natural" frozen waffle products Plaintiffs identify in their Complaint contain a synthetic substance known as Sodium Acid Pyrophosphate ("SAPP"). Complaint ¶ 3. In its Motion to Dismiss ("Motion"), Defendant all but concedes that its waffles contain SAPP, that SAPP can only be manufactured through a chemical process, and that it labeled its waffles as "all natural" (*see generally,* Motion) but argues that a reasonable consumer wouldn't care that its frozen waffles are partly synthetic, given that SAPP is a component of baking powder and, at least according to Van's, "a basic staple of home cooking." Motion at 8:4. Even if true (which it is not), the Motion sidesteps the fact that baking powder *can* be made with all natural ingredients (not SAPP), that all natural baking powders (and their components) have been widely-available in the United States for decades, and that Van's competitors make frozen waffles without SAPP. Finally, the Motion ignores the most commonsense point that, if a reasonable consumer doesn't care about these waffles being synthetic – and about being misled – why did Van's see the need to design packaging (and the larger marketing campaign) touting the alleged "all natural" quality of them in the first place?

Rather than touch on these points, Defendant asks that this Court do an about-face from the positions it articulated in *Astiana v. Dreyer's Grand Ice Cream, Inc.,* 2012 U.S. Dist. LEXIS 101371 (N.D. Cal. 2012), where the defendants advanced – and lost – the same arguments made here. However, since the Court's reasoning in *Astiana* is well-supported by every other Court in this District (*see infra*), and since Plaintiffs herein have pled each of their fraud and false advertising claims with even more particularity than required, Defendant's Motion should be denied.

## II.   STATEMENT OF FACTS

Plaintiffs' Complaint describes, in unambiguous detail, a multi-faceted and ongoing campaign of deception, perpetrated by Van's upon an unsuspecting public. *See generally,* Complaint. Plaintiffs adequately plead their false advertising, fraud, breach of contract, breach of

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

express warranty, and unjust enrichment claims, both on their own behalf and on behalf of California and nationwide classes of similarly situated consumers, all of whom purchased Van's "all natural" frozen waffles. *See generally,* Complaint. In their Complaint, Plaintiffs allege that varieties of Defendant's waffles (i.e., "Totally Natural Organic Waffles," "Totally Natural Organic Whole Grain Waffles," "Organic Blueberry Waffles," "Totally Natural Gluten Free Waffles," "Totally Natural Lite Waffles," and "Totally Natural Power Grains Waffles" (collectively, the "Products")) contain the synthetic substance, Sodium Acid Pyrophosphate, despite being prominently labeled as "totally natural" and/or "all natural." Complaint ¶ 3.

The reasons for this campaign should be obvious: Van's is responding to the latest health food trend wherein "wellness-oriented consumers" (e.g., the Plaintiffs) are demanding food made with wholesome ingredients. Complaint ¶ 24. Knowing that this enormous target market values "all natural" food products, and will pay more for them due to their perceived higher quality, health and safety benefits, and/or low impact on the environment, Van's promises customers that its "broad range products deliver superior natural nutrition with such great taste that eating healthy is easy." Complaint ¶ 25. Indeed, Defendant's "all natural" claims are so central to its overall marketing campaign that they are prominently and repeatedly displayed on each package, proclaimed all over its website and Facebook page, and even embodied within the company name: Van's Natural Foods. Complaint ¶¶ 24-29. As a result of Van's aggressive strategy to capture the rapidly expanding natural foods market, its "all natural" Products have commanded a premium price from consumers, including Plaintiffs. Complaint ¶ 34.

Despite its claims, however, Van's Products are not "all natural." Complaint ¶¶ 30-32. Indeed, each of the Products contains Sodium Acid Pyrophosphate, an odorless white powder (aka disodium dihydrogen pyrophosphate and/or disodium pyrophosphate). Complaint ¶ 30. SAPP has various applications – from its use in leather treatment to remove iron stains on hides during processing, to stabilizing hydrogen peroxide solutions against reduction, to facilitating hair removal in hog slaughter, to feather removal from birds in poultry slaughter, to its use in petroleum production. Complaint ¶ 30. Not only is SAPP a synthetic product, but its use can lead to imbalanced

levels of minerals in the body as well as bone loss, health results that run counter to the reasons why this niche market would pay more for "all natural" food in the first place. Complaint ¶ 31.

Since Defendant possesses unique knowledge regarding the truth of its labeling claims, reasonable consumers are forced to rely on Van's to disclose the true nature of its Products' ingredients. Complaint ¶ 4. Here, Plaintiffs relied on Van's representations that the Products were "all natural" and, in turn, were motivated to pay a premium price for them. Complaint ¶ 10. Had Plaintiffs known the truth, they would not have purchased the Products, instead opting for waffles that were truly "all natural" or, if no such waffles existed, a non-natural and cheaper alternative, or would not have bought the waffles at all. Complaint ¶ 13. Van's elected not to give consumers that knowing choice.

Based on, *inter alia*, the above allegations, Plaintiffs assert the following claims on their own behalf and on behalf of others similarly situated: (1) deceptive advertising practices; (2) violation of the Consumer Legal Remedies Act; (3) common law fraud; (4) negligent misrepresentation; (5) breach of express warranty; (6) breach of contract; (7) unfair business practices; and (8) quasi-contract/unjust enrichment. *See generally,* Complaint. In response to these claims, Defendant's Motion to Dismiss ("Motion") misrepresents the lenient federal pleading standard, misapplies inapposite and unpublished case law, and prematurely argues issues more properly before this Court at class certification or summary adjudication/judgment. As such, the Motion should be denied. In the alternative, Plaintiffs should be allowed to amend their Complaint.

## III.    LEGAL ARGUMENT

### A.    STANDARD OF REVIEW

A Complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to "give the defendant fair notice of what the . . . claim is and grounds upon which it rests." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("*Twombly*") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A Rule 12(b)(6) motion only tests the sufficiency of the complaint and not any extrinsic evidence. *Paulsen v. CNF, Inc.*, 391 F. Supp. 2d 804, 807 (N.D. Cal. 2005). "To survive a motion to dismiss, a complaint must contain sufficient

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("*Iqbal*") (quoting *Twombly* at 570).  Where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," the claims are facially plausible.  *Id.* at 678 (citing *Twombly* at 555).  Claims are also facially plausible if the pleader alleges "enough fact to raise a reasonable expectation that discovery will reveal evidence" of the plaintiff's claim.  *Twombly* at 556.

Motions to dismiss under Rule 12(b)(6) are "viewed with disfavor" and are "rarely granted." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).  Furthermore, the court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."  *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005); *see also Williams v. Gerber Products Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 ("the motion [to dismiss] is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case")).

### B.   PLAINTIFFS HAVE ADEQUATELY PLED THEIR FALSE ADVERTISING CLAIMS

#### 1.   Plaintiffs Need Only Plead that a Reasonable Consumer Could Be Deceived by Defendant's "All Natural" Claims

Plaintiffs' false advertising claims are governed by the "reasonable consumer" test, meaning they must, at the pleading stage, allege that "members of the public are likely to be deceived." *Williams*, 552 F.3d at 938; *Freeman v. Time, Inc*., 68 F.3d 285, 289 (9th Cir. 1995). Despite Defendant's representations to the contrary, as the seminal *Ashcroft v. Iqbal* decision explained, **"[t]he plausibility standard is not akin to a 'probability requirement,'** but it asks for more than sheer possibility that a defendant acted unlawfully." *Iqbal*, at 678 (emphasis added). Whether a practice is actually "deceptive, fraudulent, or unfair" is generally a question of fact, and therefore ***not appropriate for resolution on the pleadings***. *See Williams*, 552 F.3d at 938-40. (emphasis added). To overcome a plausibility attack, plaintiffs need not prove actual deception. *Freeman*, 68 F.3d at 938.  Instead, plaintiffs must only show that a reasonable consumer – someone of "ordinary intelligence" (as opposed to someone with a particular understanding of synthetic

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

leavening agents, for example) – *could* have been misled. *Id.* Only when a challenged advertisement, on its face, demonstrates that a plaintiff could not possibly prove that a reasonable consumer would be deceived may a court decide the issue of deceptiveness as a matter of law on a motion to dismiss. *Williams*, 552 F.3d at 939.[1]

### 2.      Plaintiffs Have Pled Plausible False Advertising Claims

Plaintiffs have sufficiently pled that a reasonable consumer would have been deceived by Van's "all natural" claims. Complaint ¶¶ 42-45. As the Complaint plainly alleges, all of Plaintiffs' claims are based on Defendant's repeated representations that each of the Products at issue are "all natural" or "totally natural." Complaint ¶¶ 3-4; *see also* Attachment A (depicting Van's "all natural" and "totally natural" claims on each Product's package). It is more than just plausible that Plaintiffs saw and relied on these representations when they bought the products, as they allege in the Complaint. Complaint ¶¶ 3-4; *see Kosta v. Del Monte Corporation*, 2013 U.S. Dist. LEXIS 69319, *37 (N.D. Cal. May 15, 2013) (finding plausible that a reasonable consumer would rely on "front of the package" labeling claims like "fresh," "all natural," and "a natural source of antioxidants" and, after not identifying any chemical preservatives in the ingredients, believe that the product is fresh cut fruit and thus be influenced to purchase it). Here, the fact that the Products' ingredient lists contained a reference to SAPP does not change a reasonable consumer's plausible reliance on Van's "all natural" claims since that consumer would not be expected to know that SAPP is a synthetic substance. Complaint ¶¶ 42-44;  *see also Williams,* 552 F.3d at 939 ("the statement that Fruit Juice Snacks was made with 'fruit juice and other all natural ingredients' could easily be interpreted by consumers as a claim that all the ingredients in the product were natural, which appears to be false"); s*ee generally, Astiana v. Dreyer's Grand Ice Cream, Inc.,* 2012 U.S. Dist. LEXIS 101371 (N.D. Cal. 2012) ("*Astiana*") (finding a reasonable consumer could have expected that defendant would use all-natural alkalizing agents in processing the cocoa contained in its premium ice cream even if non-

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

---

[1] The facts in *McKinniss* and *Freeman* illustrate the low level of plausibility required and, thus, the rare occasion courts find it lacking at the pleading stage. *McKinniss v. Kellog USA*, No. CV 07-2611 ABC (RCx), 2007 WL 4766060 (C.D. Cal. Sept. 9, 2007) (a reasonable consumer would not believe the words or round shape of "Froot Loops" suggested fruit was actually in the product); *Freeman* at 289-290 (a sweepstakes entry offer in the mail would not reasonably deceive recipients into thinking they had actually won).

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

natural agents were commonly used and when its ingredient list did not specify how the cocoa was alkalized); *Thurston v. Bear Naked, Inc*., 2013 US Dist. LEXIS 151490, *26-27 (S.D. Cal. July 30, 2013) (finding plaintiffs' sufficiently showed that defendant's "100% natural" claims were not just plausible *but materially false and certifying the class of consumers deceived by them*).

Defendant does not dispute either of these points. Instead, Defendant makes the absurd argument that a reasonable consumer would not believe that its frozen waffles are "all natural" because they do not grow on frozen waffle trees.[2] Motion at 10:26-11:3. This argument was already dubbed "hardly worth addressing" by this Court. *See Astiana* at *28-29. Here, like in *Astiana*, Plaintiffs do not plead Van's waffles spring directly from the earth; rather, Plaintiffs allege that the "all natural" (or "totally natural") label on Van's packages promise they contain only natural ingredients. Complaint ¶¶ 3-4. It is patently untrue, and no one forced Van's to say it.

Furthermore, Plaintiffs *plausibly* allege that SAPP is not an "all natural" ingredient. Complaint ¶ 31. Although no hard and fast definition is required at the pleading stage, *see* Section III(B)(3) *infra*, the widely accepted understanding of the term "all natural" is consistent among many authorities, including the FDA, USDA and Webster's Dictionary: "natural" means derived from nature and thereafter minimally processed. Complaint ¶¶ 46-53. As the FDA specifically proclaimed in its November 16, 2011 warning letter to Alexia Foods Inc., **SAPP is not natural**.[3] Indeed, as Plaintiffs' Complaint clearly alleges, SAPP can only be created by humans through a chemical

---

[2] Van's hangs the bulk of its implausibility argument on Judge Walter's odd decision in *Pelayo v. Nestle USA, Inc.*, 2013 U.S. Dist. LEXIS 15443 (C.D. Cal. Oct. 25, 2013) where the court determined that the Webster's Dictionary definition of "natural," meaning "produced or existing in nature," could not apply to Buitoni pastas since the reasonable consumer knows that the pasta is not "springing fully-formed from Ravioli trees and Tortellini bushes." Motion at 9. This argument has been rejected outright by this Court before, and it should be again. *See Astiana* at *28-29.

[3] In the only ruling of its kind, the FDA warns Alexia's CEO that the use of the phrase "all natural" on its Roasted Red Potatoes & Baby Portabella Mushrooms product was a misbranding violation of 21 U.S.C. 343(a)(1), because the product contained disodium dihydrogen pyrophosphate (aka SAPP). Complaint ¶ 5. That the FDA identifies the SAPP used in Alexia's product as a preservative (versus a leavening agent) has no bearing on its synthetic nature which remains constant regardless of how it is used.

Plaintiffs' Memorandum of Points & Authorities in Opposition to Defendant's Motion to Dismiss

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

process and therefore cannot be considered "natural" under any definition of the word.[4] Complaint ¶¶ 31, 50.

Van's contends that, regardless of the actual words on its labels, reasonable consumers *would* expect the Products to contain SAPP.[5] Motion at 10. ***This is a red herring;*** the relevant question is whether reasonable consumers would expect Van's products, touted as "all natural," to contain the synthetic ingredient, SAPP, and the Complaint plausibly pleads that they would not. Complaint ¶ 52-53. Van's argument that because SAPP is commonly used as a leavening agent, any reasonable consumer purchasing a baked good would expect to find SAPP in it has been wholly rejected by this Court. As this Court observed in *Astiana*, Defendant's explanation is "problematic because, even though [an ingredient] is commonly used, that does not necessarily mean that a reasonable consumer would expect it to be used – *i.e.*, normally used does not necessarily imply normally expected; a reasonable consumer may not have the same knowledge as, *e.g.*, a commercial manufacturer." *Astiana* at *32. Indeed, as Plaintiffs' Complaint plausibly pleads, a reasonable consumer would expect Van's to use "all natural" leavening agents – which are widely available and used by Van's direct competitors – in its "all natural" Products. Complaint ¶¶ 52-53.

---

[4] Plaintiffs note several similar, workable definitions of "natural" in their Complaint to show that, regardless of the particular definition this Court ultimately adopts, a reasonable consumer would believe that "natural" means, at bottom, derived from nature. Whether the Court accepts one of the definitions noted in Plaintiffs' Complaint or crafts its own, such a decision is improper now and should be deferred until the summary judgment phase.

[5] Van's reliance on *Ross v. Sioux Honey Ass'n Comp.*, 2013 WL 146347 (N.D. Cal. Jan. 14, 2013) and *Hemy v. Perdue Farms, Inc.*, 2011 U.S. Dist. LEXIS 137923, 2011 WL 6002463 (D.N.J. Nov. 30, 2011) is misplaced. *See* Motion at 10:6-10. Many courts have distinguished the unique facts of *Ross*, where the plaintiffs argued that the label on a container of artificial honey should have indicated it contained no pollen, since pollen would ordinarily be found in real honey. *Ang v. Bimbo Bakeries USA, Inc.*, 2013 U.S. Dist. LEXIS 138897, *33 (N.D. Cal. Sept. 25, 2013); *Won Kyung Hwang v. Ohso Clean, Inc.*, 2013 U.S. Dist. LEXIS 54002, *54-55 (N.D. Cal. Apr. 16, 2013). Here, the opposite situation arises, where Plaintiffs allege that Defendant's labels, which explicitly claim that the Products are "all natural," *create* the expectation that synthetic ingredients would not be contained therein. Complaint ¶¶ 3-4. Similarly, the *Hemy* court took issue with the plaintiffs' failure to plead that a reasonable consumer could expect the term "humanely raised" to include slaughter. Although not mentioned in Van's Motion, after the *Hemy* plaintiffs amended their complaint to add this allegation, the court <u>denied</u> the defendant's renewed motion to dismiss. *Hemy v. Perdue Farms, Inc.*, 2013 U.S. Dist. LEXIS 46593, *18-19 (D.N.J. Mar. 31, 2013). Here, in stark contrast, Plaintiffs' Complaint already alleges that a reasonable consumer could interpret Van's "all natural" and/or "totally natural" claims to mean its Products do not contain any synthetic ingredients. Complaint ¶¶ 42-44.

Plaintiffs' Memorandum of Points & Authorities in Opposition to Defendant's Motion to Dismiss

### 3.    Plaintiffs Need Not Plead a Plausible Definition of "Natural"

Defendant's assertion that Plaintiffs must prove that the definition of "natural" as set forth in their Complaint is one a reasonable consumer would use – **during the pleading stage** – is contrary to the weight of authority, including this Court's decision in *Astiana*.

Indeed, this Court, echoing all others in this District, has rebuffed the idea that a defendant's disagreement with the pled meaning of "natural" can defeat a plaintiff's claims on a motion to dismiss. *Astiana* at *31. Here, Defendant's entire argument hinges on one case: *Pelayo v. Nestle USA, Inc.*, 2013 WL 5764644 (C.D. Cal. 2013) ("*Pelayo*") where Judge Walter of the Central District fashioned – of whole cloth apparently – a novel obstacle for consumers wishing to plead a false advertising claim. According to Judge Walter, plaintiffs must provide a workable definition of the term "natural" to plausibly plead that a reasonable consumer was deceived by an "all natural" claim. Putting aside the fact that this requirement has no legal precedent, Plaintiffs actually meet the *Pelayo* requirement. Here, Plaintiffs do have a determination from the FDA that the ingredient at issue is, in fact, not natural. Complaint ¶ 49. As explained above, *see* Section III(B)(2), *supra*, in what is the only ruling of its kind, the FDA has publicly proclaimed that SAPP is not, and can never be, "all natural."[6] Thus, although in clear contravention of all other authority including this Court's ruling in *Astiana*, Plaintiffs nevertheless meet *Pelayo*'s requirements. Complaint ¶¶ 46-53.

### 4.    Van's Ingredient Lists Do Not Correct the False and Misleading Statements on the Front of its Products' Packaging

Van's cannot depend on a list of unfamiliar ingredients to contradict (and thus correct) the false claims on the front of its labels. The Ninth Circuit has said exactly that. Despite Defendant's attempt to characterize *Williams* in a more favorable light, the Ninth Circuit there clearly explained that the FDA's ingredient list requirement is not meant to allow manufacturers to "mislead consumers and then rely on the ingredient list to correct those misinterpretations and provide a shield

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

---

[6] November 16, 2011 U.S. Food and Drug Administration Warning Letter to Alexia Foods, Inc. Exhibit A to Plaintiffs' Request for Judicial Notice in Support of Plaintiffs' Opposition to Defendant's Motion to Dismiss, also available at http://www.fda.gov/ICECI/EnforcementActions/WarningLetters/ucm281118.htm.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

for liability for the deception." *Williams,* 552 F.3d at 939-40.[7] Reasonable consumers are not expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list in small print on the back of the box. *Astiana* at *31 (citing *Williams* 552 F.3d at 939-940). Even if they were, since reasonable consumers would not know that SAPP is a synthetic substance, they can hardly be expected to conclude that Van's "all natural" labeling is a lie by simply reviewing the ingredient list. Although *Pelayo*, upon which Van's must again rely, reached a different result, that result was predicated on the finding that the plaintiff failed to provide a plausible definition of "natural" (*Pelayo* at *15-16), which, as explained above, should not be required but which Plaintiffs have done here nevertheless. Complaint ¶¶ 46-53.

## C.   PLAINTIFFS' CLAIMS SATISFY THE PLEADING REQUIREMENTS

### 1.   Plaintiffs' Claims are Pled with the Particularity Required by FRCP 9(b)

Plaintiffs' allegations regarding the falsity of Van's "all natural" misrepresentations satisfy the particularity requirement found in FRCP 9(b) because the "who," "what," "when," "where," and "how" of the alleged fraud are set forth in detail in the Complaint. *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097 (9th Cir. 2003); s*ee generally,* Complaint. A complaint is sufficiently plausible when the facts rise "above mere speculative level." *Twombly,* 550 U.S. at 555, 570.  To satisfy Rule 9(b)'s particularity standard, the allegations must allege "an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (per curiam). "[A] pleading is sufficient under rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an

---

[7] The problem with the defendant's label in *Williams* was that certain fruits were pictured on the front label, yet the ingredient list revealed that the product contained juice from a wholly non-pictured fruit. *Williams,* 552 F.3d at 936. Similarly, here, Van's inclusion of SAPP in its ingredient list completely contradicts its front-of-the-box "all natural" claims. The difference between *Williams* and Plaintiffs' case, however, is that the reasonable consumer buying the Gerber fruit juice would have known that the front label picture was a lie by simply reading the ingredient list. Here, reasonable consumers would never know that Van's "all natural" claims were a lie even if they read the ingredient list because they have no idea that SAPP can only be made through a chemical process.

adequate answer from the allegations." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

Here, Plaintiffs have adequately alleged fraud by, among other things, (1) providing reproductions of the labeling claims at issue, (2) stating the time period of Defendant's advertising campaign, and (3) providing facts about how Defendant misrepresented the benefits of its products. *See generally,* Complaint; *see also Rosales v. FitFlop*, 882 F. Supp. 2d 1168, 1175-76 (S.D. Cal. 2012); *Von Koenig v. Snapple Beverage Corp.* 713 F. Supp. 2d 1066 (E.D. Cal. 2010). Plaintiffs have also specifically alleged that they purchased Van's frozen waffle products on multiple occasions at various stores in Berkeley and San Francisco, California in the past several years (including during the Class Period, defined as December 9, 2009 through the present), that the products they bought were labeled with Van's "all natural" claim, and that they contained SAPP. Complaint ¶¶ 9, 11 and 19. The Complaint also alleges that Plaintiffs read and relied on Van's "all natural" claims in making their purchases and attaches 24 pages of photographs depicting the offending claims on each of the labels for the products in question. Complaint ¶ 3; Attachment A. As such, Plaintiffs' pleading plainly sets forth the "who," "what," "when," "where," and "how" of the alleged fraud, giving Van's more information than it needs to mount a defense.

Defendant's assertions that Plaintiffs have not pled their claims with particularity is just hot air. In addition to unfounded gripes about a lack of facts regarding Plaintiffs' reliance on Van's false claims, Defendant argues that Plaintiffs did not plead facts regarding when they bought the Products, how often they bought them, whether they viewed Van's Facebook page, and how they discovered that the Products contained a synthetic ingredient. Motion at 5:10-17. Defendant cites to several inapposite cases to support these arguments but none of them hold that such facts must be pled to meet Rule 9(b)'s standard. *See Astiana* at *20-21 (pleadings sufficient when plaintiffs merely allege that they would not have purchased the product without the defendant's false representations on which they relied). For example, Defendant inexplicably cites to *Yumul v. Smart Balance*, 733 F. Supp. 2d 1117 (C.D. Cal. 2010) where, as Defendant itself admits, the plaintiff failed to meet the particularly requirement because the "packaging [of the butter spread at issue] may have changed over the course of ten and a half years, [and] the complaint does not adequately identify the

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

packaging that Yumul saw and on which she relied." Motion at 17:1-3 (quoting *Yumul* at 1124). This situation is clearly not present here since Defendant does not allege that its packaging changed during the course of the class period and since Plaintiffs' Complaint attaches clear photographs depicting the offending labels upon which Plaintiffs relied. Complaint at Attachment A. Defendant's reliance on *Briseno v. ConAgra Foods, Inc.*, No. 11-05379 (C.D. Cal. Oct. 13, 2011) is similarly misplaced where **that opinion was never published**, and where Plaintiffs here do allege when and where they purchased the Products.

Details about Plaintiffs' individual experiences are not even required under the Unfair Competition Law ("UCL") and the Consumer Legal Remedies Act ("CLRA"). Under the UCL and CLRA, injury is established by showing *that members of the public* are likely to be deceived. *Williams*, 552 F.3d at 938; *see also Neal v. NaturalCare, Inc.*, EDCV 12-00531 DOC (OPx), Doc. 44 Slip Op. at 10 (C.D. Cal. Dec 20, 2012) (Ex. "B" to RJN).[8] This is an objective test that does not require Plaintiffs to plead facts about their personal experiences. *Id.*

For these reasons, the Court should deny Van's Motion to Dismiss for lack of particularity under FRCP 9(b).

### 2.    Plaintiffs Sufficiently Pled a Claim for Breach of Contract

Plaintiffs have properly pled a breach of contract claim since they meet both exceptions to the privity requirement. Although Defendant correctly cites *Clemens v. DaimlerChrysler Corp*, 534 F.3d 1017 (9th Cir. 2008) for the proposition that a breach of contract claim typically requires a buyer to stand in privity with a seller, it fails to mention two long-standing exceptions to this rule – both of which apply here. First, as the *Clemens* court noted, privity need not be established if the end consumer relied on written labels and advertisements of a manufacturer. *Id.* at 1023 (citing *Burr v. Sherwin Williams Co.*, 42 Cal.2d 682 (1954). Here, Plaintiffs' Complaint plainly alleges that

---

[8] Defendant makes a useless comparison between this case and two cases where the plaintiffs *never attempted to plead a fraud cause of action. See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009), *Vess*, 317 F.3d at 1103. Indeed, the main issue in *Kearns* and *Vess* was whether the plaintiffs were obligated to satisfy fraud pleading requirements for their non-disclosure claims. Unsurprisingly, the plaintiffs' pleadings did not adequately plead the elements of fraud, since they never intended to make that claim in the first place. *Id.*

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

Plaintiffs relied on Van's written labels and advertisements when purchasing the Products. Complaint ¶ 11.

Second, also noted by the *Clemens* court, privity is not required for a breach of contract claim when the products at issue are foodstuffs. *Id.* (citing *Burr,* 42 Cal.2d at 695; *Windham at Carmel Mountain Ranch Assn v. Superior Court,* 109 Cal. App. 4th 1162, 1169 (2003); *Fieldstone Co. v. Briggs Plumbing Prods., Inc.,* 54 Cal. App. 4th 357, 369 (1997); *Gottsdanker v. Cutter Labs.,* 182 Cal. App. 2d 602, 608 (1960)); *Aaronson v. Vital Pharms., Inc.*, 2010 U.S. Dist. LEXIS 14160, *13-14 (S.D. Cal. 2010). Here, all of Plaintiffs' claims, including the breach of contract claim, focus on Van's frozen waffle products – "foodstuffs." Complaint ¶ 121.

Since Plaintiffs meet two long-standing exceptions to the privity rule, the Court must find that Plaintiffs have properly alleged their breach of contract claim.

### 3. Plaintiffs Sufficiently Pled a Common Law Claim for Breach of Express Warranty

Just as Plaintiffs have properly pled a breach of contract claim, they have also properly pled their common law claim for breach of express warranty.

Motions to dismiss UCL claims are rarely granted. *Williams,* 552 F.3d 934. Indeed, California courts have recognized that whether a business practice is deceptive will usually be a question of fact not appropriate for decision at the pleading stage. *Id.* at 938-39 (citing *Linear Technology Corp. v. Applied Materials, Inc.*, 152 Cal. App. 4th 115, 134-35 (2007) ("Whether a practice is deceptive, fraudulent, or unfair is generally a question of fact which requires 'consideration and weighing of evidence from both sides' and which usually cannot be made on demurrer" (quoting *McKell v. Washington Mutual, Inc.*, 142 Cal. App. 4th 1457, 1472 (2006))); *Committee on Children's Television, Inc. v. General Foods Corp.*, 35 Cal.3d 197, 210 (1983) (finding demurrer inappropriate in case where parents alleged deceptive advertising of sugar cereals))).

A common law express warranty cause of action must only allege "facts sufficient to show that (1) the seller's statements constitute an affirmation of fact or promise or a description of the goods; (2) the statement was part of the basis of the bargain; and (3) the warranty was breached."

*Allen v. ConAgra Foods, Inc.*, 2013 U.S. Dist. LEXIS 125607, *36 (N.D. Cal. 2013) (citing *Weinstad v. Dentsply Internat., Inc.*, 180 Cal. App. 4th 1213, 1227 (2010)). Plaintiffs have done just that.

First, Plaintiffs' Complaint plainly alleges that Defendant sold and advertised the Products with "totally natural" and/or "all natural" affirmations or promises. Complaint ¶¶ 54, 115-116. Despite Defendant's claims to the contrary, these are "specific representations." Plaintiffs do not allege that Defendant's labels simply characterize the Products as "natural," as Defendant suggests (*see* Motion at 20:14-17); instead, Plaintiffs consistently allege, and the Complaint's exhibits depicting the labeling on Defendant's Products consistently show, that Defendant labeled its Products as "all" and "totally" natural. Complaint ¶¶ 3-4; Attachment A. Defendant's use of the unequivocal terms "all" and "totally" make this case distinguishable from situations like those found in *Werbel v. PepsiCo, Inc.*, 2010 WL 2673860 (N.D. Cal. July 2, 2010) and *Johnson v. Mitsubishi Digital Electronics America, Inc.*, 578 F. Supp. 2d 1229 (C.D. Cal. 2008) where terms like "crunchberries" and "1080p capability" allow for multiple meanings or no real meaning at all. *Johnson* at 1238. Here, there is simply no multiplicity of meanings in terms like "all" or "totally." Furthermore, for the same reasons stated above (*see* Section III(B)(3)), the promises "all natural" and "totally natural" can and have been objectively defined under the reasonable consumer standard. As such, Plaintiffs have met the first prong of the test.

To satisfy the second element, the Complaint need only allege facts to show the warranty formed "*part* of the basis of the bargain," which it does. Complaint ¶ 115 (alleging that the "all natural" and/or "totally natural" claim "became part of the basis of the bargain"). Defendant's quibbling that Plaintiffs never alleged that they had (or had not) read the ingredient list on the Products' packaging does not affect the analysis because this Court and the Ninth Circuit have ruled that a defendant "cannot rely on the ingredient list to correct any false or misleading statements on the front of its packaging." *Astiana* at *30-31; *Williams,* 552 F.3d at 939-40; ("Statements made by a manufacturer through its advertising efforts can be construed as warranty statements. A buyer does not need to show that he relied on such statements to the extent that he would not have made the purchase without them, but only that they played a role in his purchasing decision.") *Aaronson v.*

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

*Vital Pharms., Inc.*, 2010 U.S. Dist. LEXIS 14160, *17-18 (S.D. Cal. 2010) (citing *Keith v. Buchanan*, 173 Cal. App. 3d 13 (1985)).

As such, Plaintiffs need not allege that they recognized the conflict between Defendant's ingredient list and the misleading "all natural" warranty to plead a proper breach of express warranty claim. Unlike the fruity cheerios case, *McKinniss v. General Mills, Inc.*, 2007 U.S. Dist. LEXIS 96107 (C.D. Cal. Sept. 18, 2007), here, a reasonable consumer would <u>not</u> be put on notice that Defendant's Products contain synthetic ingredients simply by reading the packages' ingredient lists since those lists contain words not commonly understood by consumers (yet thoroughly understood by Defendant). *See Lam v. Gen. Mills, Inc.,* 859 F. Supp. 2d 1097, 1105 (N.D. Cal. 2012) (distinguishing *McKinniss*). For example, would a reasonable consumer be expected to know what sodium acid pyrophosphate is or that it's a synthetic ingredient? Plaintiffs think not, just as they think reasonable consumers would not be expected to know that Glucono-Delta Lactone is an all-natural alternative to sodium acid pyrophosphate that could have been used to leaven Defendant's frozen waffles. Indeed, if the law did not take into account the hundreds, if not thousands, of polysyllabic, unpronounceable ingredients in food products, consumers would need to take a notepad to the supermarket to record ingredients and health claims on potential purchases and then go home and Google each ingredient to verify them. Tellingly, although Defendant's Motion often asserts that reasonable consumers know what baking powder is, it never claims that they also know what SAPP is.[9] *See generally,* Motion.

Finally, Plaintiffs' Complaint meets the third prong of the test as it plainly alleges a breach of express warranty. Complaint ¶¶ 116-17 (Defendant expressly warrants, through its advertising, that the Products are "all natural" but since those Products contain SAPP, a known synthetic ingredient, it has breached the express warranty).[10] As Defendant provides no viable reason for this claim to fail, the Court should deny its request to dismiss it from Plaintiffs' Complaint.

---

[9] Furthermore, if consumers had only relied on Defendant's Facebook advertisements for its Products (which do not list the Products' ingredients), Defendant's gripe about the ingredient list would be moot.

[10] Although this Court dismissed the breach of express warranty claim in *Astiana v. Dreyers*, that claim was pled under federal law and, thus, subject to a different standard. *Astiana* at *6-7

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

**4.    Plaintiffs' Unjust Enrichment Claim Survives in Conjunction with the other Claims and as a Standalone Quasi-Contract Claim for Restitution**

Plaintiffs have properly pled their unjust enrichment claim, whether it stands alone or not. Although unjust enrichment is not an independent cause of action under California law, it can be pled in the alternative as a standalone restitution claim (akin to a quasi-contract claim) brought to avoid unjustly conferring a benefit on the defendant. *Khasin v. Hershey Co.*, U.S. Dist LEXIS 161300 (N.D. Cal. November 9, 2012); *Kosta*, 2013 U.S. Dist. LEXIS 69319; *Vicuna v. Alexia Foods, Inc.*, 2012 U.S. Dist. LEXIS 59408, *3 (N.D. Cal. April 27, 2012).[11] Defendant does not dispute that Plaintiffs have pled an adequate stand alone unjust enrichment claim, nor could they. Complaint ¶¶ 138-42 (alleging that Defendant made false claims on Products it sold to Plaintiffs, that Plaintiffs relied upon those claims, and that Plaintiffs are owed restitution for the ill-gotten gains Defendant consequently enjoyed). Instead, Defendant hopes this Court will find that not one of Plaintiffs' other claims can survive the Motion and just dismiss this cause of action as well. For the reasons discussed above, however, Plaintiffs' other claims have been adequately pled. Whether stand alone or not, this claim cannot be dismissed.

**5.    Plaintiffs Have Standing to Sue on Behalf of All Class Members who Purchased Substantially Similar Products and Make the Same Claim**

Plaintiffs, who represent two classes of consumers who purchased Van's Products, have standing to pursue claims against Van's for products they personally did not purchase, so long as "the products and alleged misrepresentations are substantially similar," meaning (1) the same "kind" of product and (2) the same alleged labeling issue. *Brown v. Hain Celestial Group, Inc.*, 913 F. Supp. 2d 881, 889 (N.D. Cal. 2012). Where product composition is especially important to the plaintiff's claims, courts also require the products to be "comprised of largely the same ingredients." *Trazo v. Nestlé USA, Inc.*, 2013 U.S. Dist. LEXIS 113534, *42 (N.D. Cal. Aug. 9, 2013). "Where the allegations indicate sufficient similarity between the products, any concerns regarding material

_____

(finding that a "natural" claim on ice cream products does not give any assurance that they are defect free as required under the Magnuson Moss Warranty Act).

[11] *See also Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726 (2000); *First Nationwide Sav. v. Perry*, 11 Cal. App. 4th 1657, 1662–63 (1992).

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

differences in the products can be addressed at the class certification stage." *Kosta*, 2013 U.S. Dist. LEXIS 69319, at \*50 (citing *Donohue v. Apple, Inc.*, 871 F. Supp. 2d 913, 922 (N.D. Cal. 2012)).

Pursuant to this standard, standing has been found not only when the products at issue spanned different product lines, but also when they were manufactured by **different** companies. *See, e.g., Donohue,* 871 F. Supp. 2d at 918 (finding plaintiff had standing to assert claims on behalf of purchasers of other iPhone products); *Kosta,* 2013 U.S. Dist. LEXIS 69319, \*51 (finding Del Monte's single serving fruit products all sufficiently similar to products purchased by plaintiffs); *Astiana*, at \*37-38 (finding Dreyer's/Edy's and Haagen-Dazs ice creams boasting "all natural" claims to be substantially similar such that plaintiffs had standing to make claims against all of the ice cream products, not just those purchased); *Koh v. S.C. Johnson & Son, Inc*, 2010 U.S. Dist. LEXIS 654, \*2, \*6-7 (N.D. Cal. Jan. 5, 2010) (denying motion to dismiss for lack of standing and deferring ruling on standing question until class certification where the labels on the Windex glass cleaner purchased by the plaintiff and the Shout stain remover not purchased by the plaintiff contained the identical challenged claim); *Bruno v. Quten Research Inst., LLC,* 280 F.R.D. 524, 530-31 (C.D. Cal. 2011) (granting named plaintiff standing to sue on behalf of purchasers of related products and finding that "treatises and the vast majority of persuasive authority" indicate that this issue should be analyzed under Rule 23 rather than as a standing question). Here, the Products at issue are six packages of frozen waffles that are manufactured by the same defendant, labeled with the same "all natural" and/or "totally natural" claim and made with the same SAPP ingredient. Complaint ¶ 3. At the very least, this substantial similarity between the Products allows the pleading to survive until class certification.

Moreover, all of the cases Defendant cites are unpublished and fail to engage in the "substantially similar" analysis required in this District, save for *Miller v. Ghirardelli Chocolate Co. See* Motion at 22. In *Miller v. Ghirardelli Chocolate Co.*, the court undertook the "substantially similar" analysis, but found the products never bought by plaintiffs failed the test since "they look different; they have different uses (baking chips, drink powders, and wafers); they have different labels and different representations on packaging (in the form of the 'romance' language designed to convey the experience of the product); and they are marketed and sold differently in that, for

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

example, some are sold alongside each other, and some are sold in commercial markets and others in consumer markets." *Miller v. Ghirardelli Chocolate Co.*, 2013 U.S. Dist. LEXIS 49733, 20-24 (N.D. Cal. Apr. 5, 2013). None of these distinguishing factors apply in the instant case.

For these reasons, Plaintiffs can properly assert the same causes of action for all the Products identified in the Complaint, whether they purchased them or not.

**D.    IF THE COURT IS INCLINED TO GRANT ANY PORTION OF DEFENDANT'S MOTION, PLAINTIFFS SHOULD BE GIVEN LEAVE TO AMEND**

If any of the claims are deemed improper, they can likely be cured by a simple amendment to the pleadings. *Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986) ("If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."). Leave for such amendments is freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2); s*ee also Forman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'").

Here, there is no undue delay and none of the alleged pleading deficiencies are due to any "bad faith" or "dilatory motive" on Plaintiffs' part. Indeed, Plaintiffs believe that they have properly pled their claims and only seek leave to amend in the event the Court disagrees. Plaintiffs are not seeking leave to amend in an attempt to gain any tactical advantage, and the claims in their Complaint have not been pled in a manner aimed at delaying the timely resolution of this litigation. Moreover, Defendant will not incur any prejudice by the amendments contemplated herein as the operative pleadings provided Van's with sufficient notice of the claims. Thus, if this Court finds any claims were improperly pled, Plaintiffs hereby seek leave to file a First Amended Complaint.

**IV.     CONCLUSION**

For the foregoing reasons, Plaintiffs request that the Court deny Defendant's Motion to Dismiss on all grounds. In the alternative, should the Court find any deficiency in their pleading, Plaintiffs request leave to file an amended pleading to cure the deficiency.

Dated: March 7, 2014

**SCOTT COLE & ASSOCIATES, APC**

By:     /s/Molly A. DeSario
Molly A. DeSario, Esq.
Attorneys for the Representative Plaintiff
and the Plaintiff Class

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Plaintiffs' Memorandum of Points & Authorities in Opposition to Defendant's Motion to Dismiss