UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANA RHINERSON, et al.,

    Plaintiffs,

v.

VAN'S INTERNATIONAL FOODS, INC.,

    Defendant.

Case No. 13-cv-05923-VC

**ORDER TO SHOW CAUSE**

    Plaintiffs Dana Rhinerson and Aidin Moradi bring this putative class action against Defendant Van's International Foods, Inc. ("Van's"), seeking to represent two classes of people who purchased Van's food products: a nationwide class and a class comprising solely California residents. On behalf of the California class, Plaintiffs—themselves California residents—allege that Van's has violated several California statutes. Plaintiffs also allege a number of common law claims on behalf of both classes. They do not bring any claims under federal law.

    In their complaint, Plaintiffs allege that "jurisdiction is proper in this Court under 28 U.S.C. § 1332 (diversity jurisdiction) and/or 28 U.S.C. § 1331 (controversy arising under United States law." (Compl. ¶ 6). In the parties' joint case management statement, Plaintiffs contend that federal jurisdiction is proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). (Docket No. 31). However, "a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966 (9th Cir. 2004). Lack of subject matter jurisdiction "cannot be waived or . . . overcome by an agreement of the parties." *Id.* at 966-67; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

    By no later than May 16, 2014, the parties are directed to file simultaneous briefs, not to exceed 12 pages, addressing whether the Court has subject matter jurisdiction over this action. At a minimum, the briefs should address, in whatever order the parties deem appropriate:

1. Whether two-thirds of the members of the proposed classes (in the aggregate) are citizens of California.  *See* 28 U.S.C. § 1332(d)(4)(B).

2. Whether the Court should exercise its discretion to exercise jurisdiction if more than one-third but fewer than two-thirds of the potential class members are citizens of California.  *See id.* § 1332(d)(3).

3. Whether federal jurisdiction exists based on anything other than the nationwide class claims under common law.

4. Whether, if the only jurisdictional hook is the nationwide class claims under common law, such claims are cognizable.

The parties should be prepared to discuss these jurisdictional questions at the May 29, 2014 hearing.

**IT IS SO ORDERED.**

Dated: May 7, 2014

_____
VINCE CHHABRIA
United States District Judge