UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANA RHINERSON, et al.,

  Plaintiffs,

  v.

VAN'S INTERNATIONAL FOODS, INC.,

  Defendant.

Case No. 13-cv-05923-VC

**ORDER**

Re: Dkt. No. 19

  Plaintiffs Dana Rhinerson and Aidin Moradi bring this putative class action against Defendant Van's International Foods, Inc. ("Vans") alleging that several Vans food products were misleadingly labeled "all natural" or "totally natural" when in fact they contain Sodium Acid Pyrophosphate ("SAPP"), a synthetic ingredient. The plaintiffs bring several common law claims (on behalf of a nationwide class) as well as claims under California consumer protection statutes (on behalf of a California class). On February 21, 2014, Vans moved to dismiss the complaint. (Docket No. 19).

  In connection with this motion, the Court ordered supplemental briefing on whether the plaintiffs may pursue their common law claims on behalf of a nationwide class. The Court has determined that, in light of the specific factual allegations and legal theories present in this case, striking the class allegations at the pleading stage would be premature. *See, e.g.*, *Doe v. SuccessfulMatch.com*, No. 13-CV-03376-LHK, 2014 WL 1494347, at *7 (N.D. Cal. Apr. 16, 2014) ("Absent the sort of detailed choice-of-law analysis that guided the Ninth Circuit in *Mazza*, the Court declines to evaluate how California's choice-of-law rules affect Plaintiffs' class claims at [the motion to dismiss stage]."); *Brazil v. Dole Food Co., Inc.*, No. 12-CV-01831-LHK, 2013 WL 5312418, at *11 (N.D. Cal. Sept. 23, 2013) ("[T]he Court is unable to determine, at this stage, whether California's choice-of-law rules apply to bar all, some, or none of [the plaintiffs'] class claims."); *In re Clorox Consumer Litig.*, 894 F. Supp. 2d 1224, 1237 (N.D. Cal. 2012) ("Since the parties have yet to develop a factual record, it is unclear whether applying different state consumer

protection statutes could have a material impact on the viability of Plaintiffs' claims."); *Donohue v. Apple, Inc.*, 871 F. Supp. 2d 913, 919 (N.D. Cal. 2012) ("Although *Mazza* may influence the decision whether to certify the proposed class and subclass, such a determination [at the pleading stage] is premature.").

"Variations in state law do not necessarily preclude a [class] action." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998); *see also, e.g.*, *Steinberg v. Nationwide Mut. Ins. Co.*, 224 F.R.D. 67, 79 (E.D.N.Y. 2004) ("The spectre of having to apply different substantive law does not warrant refusing to certify a class on common law claims." (alteration omitted)). The issue is largely one of manageability—at the class certification stage, the plaintiffs will "bear[ ] the burden of demonstrating a suitable and realistic plan for trial of the class claims." *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1189 (9th Cir. 2001) (internal quotation marks omitted). Although the Court could determine now, as a matter of law, whether the laws of the fifty states conflict, there is not yet sufficient information to determine which states' laws will be at issue and which conflicts might be material to this litigation. The plaintiffs do not even know yet in which states (besides California) the products at issue were sold. It is possible that, at the class certification stage, the plaintiffs will be able to define the class such that any differences in state law are immaterial. Or they may be able to identify a manageable number of subclasses of residents of states with laws that do not materially differ. In any case, at this stage, the plaintiffs have plausibly alleged common law claims on behalf of a nationwide class, and it is plausible that they could propose a manageable way of proceeding on these claims. *See, e.g.*, *Forcellati v. Hyland's, Inc.*, 876 F. Supp. 2d 1155, 1159-60 (C.D. Cal. 2012).

With respect to the issues raised in Vans' motion to dismiss, they are almost identical to those raised by the defendant in a similar case, *Garrison v. Whole Foods Market Group, Inc.*, No. 13-cv-5222. Accordingly, the reasoning in the Court's June 2, 2014 order in that case largely applies here. (*See* No. 13-cv-5222, Dkt No. 37).

The only issue not addressed in the *Garrison* order is Vans' argument that the breach of contract claim fails because the plaintiffs lack privity with Vans. The parties agree that ordinarily, a breach of contract claim requires privity. (*See* Mot. Dismiss 18-19; Opp'n 11). And the

plaintiffs do not argue that they are, in fact, in privity with Vans. (*See* Opp'n 11-12). Rather, they contend their claim falls within the exceptions to the privity requirement for assertions on labels and advertisements and for foodstuffs. (*See id.*). These exceptions, however, apply to breach of warranty claims, not breach of contract claims. *See Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008). The plaintiffs cite—and the Court has found—no authority for the proposition that a plaintiff may bring a breach of contract claim without privity. The breach of contract claim is therefore dismissed with prejudice.

In addition, for the reasons articulated in the *Garrison* order, the plaintiffs' unjust enrichment claim is dismissed with prejudice. To the extent the plaintiffs seek to bring claims based on representations not contained on the product labels themselves, Vans' motion to dismiss is granted with leave to amend. In all other respects, the motion to dismiss is denied.

**IT IS SO ORDERED.**

Dated: July 2, 2014

_____
VINCE CHHABRIA
United States District Judge

3