**MAYER BROWN LLP**
Dale J. Giali (Cal. Bar No. 150382)
*dgiali@mayerbrown.com*
Michael L. Resch (Cal. Bar No. 202909)
*mresch@mayerbrown.com*
350 South Grand Avenue
25th Floor
Los Angeles, CA  90071-1503
Telephone:     (213) 229-9500
Facsimile:     (213) 625-0248

Attorneys for Defendant
VAN'S INTERNATIONAL FOODS

**SCOTT COLE AND ASSOCIATES, APC**
Scott Edward Cole, Esq. (Cal. Bar No. 160744)
*scole@scalaw.com*
Molly A. DeSario, Esq. (Cal. Bar No. 230763)
*mdesario@scalaw.com*
Stephen Noel Ilg, Esq. (Cal. Bar No. 275599)
*silg@scalaw.com*
1970 Broadway, Ninth Floor
Oakland, CA 94612
Telephone:     (510) 891-9800
Facsimile:     (510) 891-7030)

Attorneys for Plaintiffs
DANA RHINERSON AND AIDIN MORADI

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

|  |  |
|---|---|
| DANA RHINERSON, *et al.*,<br><br>                    Plaintiffs,<br><br>     v.<br><br>VAN'S INTERNATIONAL FOODS, INC.<br><br>                    Defendant. | Case No. 3:13-cv-05923<br><br>The Honorable Vince Chhabria<br><br>~~[PROPOSED]~~ **STIPULATED PROTECTIVE ORDER** |

## 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, plaintiffs Dana Rhinerson and Aidin Moradi and defendant Van's International Foods hereby stipulate to and petition the court to enter the following Stipulated Protective Order. These Litigants acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. These Litigants further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Litigant seeks permission from the court to file material under seal.

## 2. DEFINITIONS

2.1   Challenging Party: a Litigant or Non-Party that challenges the designation of information or items under this Order.

2.2   "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3   Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4   Designated House Counsel: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.5   Designating Party: a Litigant or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.6   Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony

1

transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

  2.7 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Litigant or its counsel to serve as an expert witness or as an expert consultant in this action, (2) is not a past or current employee of a Litigant, (3) is not a past or current employee of a business competitor of a Litigant and was not, and currently is not, engaged by any such competitor, and (4) at the time of retention, is not anticipated to become an employee of a Litigant or business competitor of a Litigant or to be engaged by such a competitor.

  2.8 <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "CONFIDENTIAL" Information or Items, disclosure of which to another Litigant or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

  2.9 <u>House Counsel</u>: attorneys who are employees of a Litigant . House Counsel does not include Outside Counsel of Record or any other outside counsel.

  2.10 <u>Litigant</u>: the named plaintiffs and defendant in this action.

  2.11 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not a Litigant.

  2.12 <u>Outside Counsel of Record</u>: attorneys who are not employees of a Litigant but are retained to represent or advise a Litigant to this action and have appeared in this action on behalf of that Litigant or are affiliated with a law firm which has appeared on behalf of that Litigant.

  2.13 <u>Party</u>: any Litigant to this action, including all of its officers, directors, employees, consultants, retained Expert(s), and Outside Counsel of Record (and their support staffs).

  2.14 <u>Producing Party</u>: a Litigant or Non-Party that produces Disclosure or Discovery Material in this action.

  2.15 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.17 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.   SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; or (b) any information independently known to the Receiving Party, where such knowledge was obtained by the Receiving Party in a lawful manner via a lawful source who obtained the information lawfully and was under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.   DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.   DESIGNATING PROTECTED MATERIAL**

5.1   <u>Care in Designations</u>.   Designation in conformity with this Order requires:

3

[Proposed] Stipulated Protective Order; Case No.: 3:13-CV-05923

710954154

(a) <u>exercise of Restraint and Care in Designating Material for Protection</u>. Each Litigant or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

(b) <u>mass, indiscriminate, or routinized designations are prohibited</u>. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2  <u>Manner and Timing of Designations.</u> Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

4

[Proposed] Stipulated Protective Order; Case No.: 3:13-CV-05923

710954154

1    A Litigant or Non-Party that makes original documents or materials available for inspection
2    need not designate them for protection until after the inspecting Party has indicated which material it
3    would like copied and produced. During the inspection and before the designation, all of the material
4    made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS'
5    EYES ONLY." After the inspecting Party has identified the documents it wants copied and
6    produced, the Producing Party must determine which documents, or portions thereof, qualify for
7    protection under this Order. Then, before producing the specified documents, the Producing Party
8    must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
9    ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or
10   portions of the material on a page qualifies for protection, the Producing Party also must clearly
11   identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must
12   specify, for each portion, the level of protection being asserted.

13       (b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the
14   Designating Party identify on the record, before the close of the deposition, hearing, or other
15   proceeding, all protected testimony and specify the level of protection being asserted. When it is
16   impractical to identify separately each portion of testimony that is entitled to protection and it
17   appears that substantial portions of the testimony may qualify for protection, the Designating Party
18   may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right
19   to have up to 21 days to identify the specific portions of the testimony as to which protection is
20   sought and to specify the level of protection being asserted. Only those portions of the testimony that
21   are appropriately designated for protection within the 21 days shall be covered by the provisions of
22   this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or
23   up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated
24   as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

25       Parties shall give the other parties notice if they reasonably expect a deposition, hearing or
26   other proceeding to include Protected Material so that the other parties can ensure that only
27   authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"
     (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition

1  shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
2  ATTORNEYS' EYES ONLY."

3  Transcripts containing Protected Material shall have an obvious legend on the title page that
4  the transcript contains Protected Material, and the title page shall be followed by a list of all pages
5  (including line numbers as appropriate) that have been designated as Protected Material and the level
6  of protection being asserted by the Designating Party. The Designating Party shall inform the court
7  reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day
8  period for designation shall be treated during that period as if it had been designated "HIGHLY
9  CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the
10 expiration of that period, the transcript shall be treated only as actually designated.

11 (c) <u>for information produced in some form other than documentary and for any other tangible
12 items</u>, that the Producing Party affix in a prominent place on the exterior of the container or
13 containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY
14 CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information
15 or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected
16 portion(s) and specify the level of protection being asserted.

17 5.3   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to
18 designate qualified information or items does not, standing alone, waive the Designating Party's
19 right to secure protection under this Order for such material.

20 In the event that any documents, material, or testimony that are subject to a
21 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation
22 is inadvertently produced without such designation, the Producing Party that inadvertently produced
23 the document shall give written notice of such inadvertent production within 21 days of discovery of
24 the inadvertent production, together with a further copy of the subject document, material, or
25 testimony designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'
26 EYES ONLY" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production
27 Notice, the Party that received the inadvertently produced document, material, or testimony shall
   promptly destroy the inadvertently produced document, material, or testimony and all copies thereof,

or, at the expense of the Producing Party, return such together with all copies of such documents, material, or testimony to counsel for the Producing Party and shall retain only the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designated documents, material, or testimony. Should the Receiving Party choose to destroy such inadvertently produced document, material, or testimony, the Receiving Party shall notify the Producing Party in writing of such destruction within 14 days of receipt of written notice of the inadvertent production. This provision is not intended to apply to any inadvertent production of any document, material, or testimony protected by attorney-client or work product privileges. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of documents, material, or testimony, such law shall govern.

**6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1    <u>Timing of Challenges</u>. Any Litigant or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Litigant does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 21 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it

has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

  6.3 <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7-1 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

  The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>**

  7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Litigant or by a Non-Party in connection with this case only. A Receiving Party may use Protected Material that is disclosed or produced by another Litigant or by a Non-Party only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be

disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only, and as applicable, to:

(a) except as to an Expert, which is addressed paragraph 7.2(c), below, the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) except as to an Expert, which is addressed paragraph 7.2(c), below, the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) an Expert of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court; and

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     **Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.** Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) except as to an Expert, which is addressed paragraph 7.3(b), below, the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) an Expert of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a), below, have been followed;

(c) the court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4     **Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Designated House Counsel or Experts.**

(a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Litigant that seeks to disclose to an Expert or Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) must meet the following requirements.  First, the Litigant seeking disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items shall be responsible for obtaining a signed copy of attached Exhibit A from the Expert or Designated House Counsel, and retaining the executed original.  Second, with respect to disclosure to Designated House Counsel the Party seeking disclosure must provide to all other Parties twenty-one (21) days'

notice in writing of its intent to disclose "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to the Designated House Counsel, including identifying the Designated House Counsel.

(b) A Litigant that complies with the requirements specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within 21 days of delivering the notice regarding disclosure to Designated House Counsel, the Designating Party files a motion or other request with the Court seeking to bar the disclosure.

7.5     <u>Custody of Executed Copies of "Acknowledgment and Agreement to Be Bound" (Exhibit A) and Providing Copies to other Litigant</u>. As to each executed copy of an "Acknowledgment and Agreement to Be Bound" (Exhibit A) required to be procured by a Litigant under this Protective Order, the procuring Litigant shall retain the original executed copy and shall, except for an Expert, provide a copy to the other Litigant prior to disclosure of Protected Material to the executing party. As for copies of an "Acknowledgment and Agreement to Be Bound" executed by an Expert, the procuring Litigant shall provide a copy of the executed Exhibit A to the other Litigant at the earlier of (a) the date such Expert must be identified to other Litigants under the Federal Rules of Civil Procedure or court order, and (b) within 10 days after the final disposition of this action, as defined in paragraph 4. All such executed copies of Exhibit A shall themselves be treated as CONFIDENTIAL information. Notwithstanding any contrary language in this Protective Order with respect to retaining CONFIDENTIAL information following final disposition of this action, a Litigant and its <u>Outside Counsel of Record may retain executed copies of Exhibit A indefinitely.</u>

8.     **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must: (a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order; (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation

11

1   that some or all of the material covered by the subpoena or order is subject to this Protective Order.
2   Such notification shall include a copy of this Stipulated Protective Order; and (c) cooperate with
3   respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected
4   Material may be affected.[1]

5   If the Designating Party timely seeks a protective order, the Party served with the subpoena
6   or court order shall not produce any information designated in this action as "CONFIDENTIAL" or
7   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court
8   from which the subpoena or order issued, unless the Party has obtained the Designating Party's
9   permission. The Designating Party shall bear the burden and expense of seeking protection in that
10  court of its confidential material – and nothing in these provisions should be construed as
11  authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from
12  another court.

13  **9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN**
14  **THIS LITIGATION**

15  (a)    The terms of this Order are applicable to information produced by a Non-Party in this
16  action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'
17  EYES ONLY." Such information produced by Non-Parties in connection with this litigation is
18  protected by the remedies and relief provided by this Order. Nothing in these provisions should be
19  construed as prohibiting a Non-Party from seeking additional protections.

20  (b)    In the event that a Party is required, by a valid discovery request, to produce a Non-
21  Party's confidential information in its possession, and the Party is subject to an agreement with the
22  Non-Party not to produce the Non-Party's confidential information, then the Party shall:

23          1.    promptly notify in writing the Requesting Party and the Non-Party that some
24  or all of the information requested is subject to a confidentiality agreement with a Non-Party;

---

[1] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

    2. promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    3. make the information requested available for inspection by the Non-Party.

  (c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[2] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>**

  When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to

---

[2] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

13

[Proposed] Stipulated Protective Order; Case No.: 3:13-CV-05923

710954154

modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

**12.    MISCELLANEOUS**

12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Litigant waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Litigant waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

**13.    FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

14

1  summaries, and any other format reproducing or capturing any of the Protected Material. Whether
2  the Protected Material is returned or destroyed, the Receiving Party must submit a written
3  certification to the Producing Party (and, if not the same person or entity, to the Designating Party)
4  by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material
5  that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies,
6  abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected
7  Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all
8  pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,
9  correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant
10 and expert work product, even if such materials contain Protected Material. Any such archival copies
11 that contain or constitute Protected Material remain subject to this Protective Order as set forth in
12 Section 4 (DURATION).

13       IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

14

15 DATED: October 9, 2014                By:    /s/ Stephen Noel Ilg

16                                       SCOTT EDWARD COLE
                                         MOLLY A. DESARIO
17                                       STEPHEN NOEL ILG

18                                       Attorneys for Plaintiffs
                                         DANA RHINERSON AND AIDIN MORADI
19

20 DATED: October 9, 2014                By:    *s/ Dale J. Giali*
21
                                         DALE J. GIALI
22                                       MICHAEL L. RESCH

23                                       Attorneys for Defendant
                                         VAN'S INTERNATIONAL FOODS.
24

25

26

27

1  I, Stephen Noel Ilg, hereby attest, pursuant to N.D. Cal. Local Rule 5.1(i)(3) that concurrence
2  to the filing of this document has been obtained from each signatory.
3                                               By:    /s/ *Stephen Noel Ilg*

5  **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

7  DATED: October 14, 2014
                                                HON. VINCE CHHABRIA
8                                               United States District Judge

---

16

[Proposed] Stipulated Protective Order; Case No.: 3:13-CV-05923

710954154

# **EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ _____[print or type full address], am _____ [print or type the authorized role allowing receipt of Protected Material, e.g., Designated House Counsel; Outside Counsel of Record or staff of same; Expert or staff of same; Non-Party present at proceeding in which Protected Material is disclosed; authorized officers, directors, and employees of a Receiving Party] declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *Dana Rhinerson and Aidin Moradi v. Van's International Foods*, Case No. 3:13-cv-05923. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Representation and Warranty Required of an Expert, or Staff of Same, Being Provided Access to Protected Material:  I represent and warrant that (1) I have been retained by a Litigant or its counsel to serve as an expert witness or as an expert consultant in this action, or am staff to someone who has, (2) I am not a past or current employee of a Litigant, (3) I am not a past or current employee of a business competitor of a Litigant and was not, and currently am not, engaged by any such competitor, and (4) at the time of retention by a Litigant, I am not anticipating becoming an employee of a Litigant or business competitor of a Litigant or to be engaged by such a competitor.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as

my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
 [printed name]

Signature: _____
 [signature]